

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Mr. Trimble:    Opinion No. O-2643
Re: Sufficiency of Assign-
ment of Salary by
Teacher Under S. B.
No. 297, Regular Session,
46th Legislature

We acknowledge receipt of your letter of
August 19, 1940, requesting an opinion by this de-
partment as to the sufficiency of an assignment
(copy of which you enclose) by a teacher of her
salary under the provisions of S. B. 297, enacted
by the 46th Legislature.

The form of assignment which accompanies
your letter upon the face of the instrument is as
follows:

"Pilot Point, Texas          March 1, 1940

FOR VALUE RECEIVED I, we, or either of
us, promise to pay to School Service, Lamar,
Missouri, or order, the sum of

($60.09)  SIXTY & 09/100 - - - - - - - -Dollars

Payable as indicated in the schedule of
payments, with interest from date at 10 per
cent per annum, with a minimum of $15.00
attorneys fees if note is placed in the hands
of an attorney for collection or suit; non-

Honorable T. M. Trimble, page 2

payment of any instalment when due, renders
the entire amount due and payable at the
option of the holder; to secure the payment
of this note. I we or either of us, do as-
sign, transfer and pledge to the holder of
this note any salary or wages due or which
may become due from Pilot Point Independent
School Dist. and do agree that if this note
is not paid according to its terms and assign-
ment presented to said school, said school is
authorized and directed to honor said assign-
ment and pay direct to the holder of this note
out of salary due or to become due, the balance
due on said note.

Address   Denton, Texas   (Signed)   Elseda Peace
          1104 S. Hickory

Address _____   Grady Peace"

On the reverse side of the instrument is a

form for an acknowledgment with all blanks as to

county, teacher, dates, notarial certificate, seal,

and the like left entirely blank.

This form appears to be a sufficient form

for an unmarried person, but not as to a joint acknowledg-

ment where the teacher is a married woman.

Section 2 of Senate Bill 297 authorizing an

assignment, transfer or pledge by any teacher or

school employee of salary or wages contains this

proviso:

"Provided that such assignment,
transfer or pledge be in writing and
acknowledged in the same manner as
required for the acknowledgment of a
deed or other instrument for registra-
tion, and provided further that if

such instrument be executed by a married person, it shall also be executed and acknowledged by his or her spouse in such manner."

If the form upon the reverse side of the assignment in the particular transaction here involved was not completed by the filling of the necessary blanks, and the signature and seal of the notary public, the instant assignment is entirely invalid.

We assume that Elsada Peace was the teacher making the assignment in the instant case, and that she was a married woman, the wife of Grady Peace. In that event the form acknowledgment we are considering, even though filled out and acknowledged by Elsada Peace, would not be sufficient for the lack of joinder of Grady Peace in the acknowledgment before the notary public.

We call your attention to the peculiar wording of this act with respect to acknowledgment. The wording is such that if the teacher be a married person (whether husband or wife) the instrument shall be executed and acknowledged by his or her spouse. From this it would follow that if the teacher be a married man, nevertheless his wife would also be required to sign and acknowledge the assignment, and, of course, as already indicated, if the teacher be a married woman, her husband would have to sign and acknowledge.

What we have said has no reference to teachers and employees of school districts created by special acts containing contrary provisions with respect to assignments of salaries. This question is decided by us in opinion No. O-2472, addressed to Honorable L. A. Woods, State Superintendent of Public Instruction, a copy of which you have in your files.

Honorable T. M. Trimble, page 4

Trusting that what we have said sufficiently answers your inquiry, we are,

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 27, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ocie Speer
Assistant

OS:LW

